# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3036

_____

United States of America,                  *
                                            *
                   Appellee,                *
                                            *   Appeal from the United States
         v.                                 *   District Court for the District
                                            *   of Nebraska.
Tom Hutson,                                 *
                                            *          [UNPUBLISHED]
                   Appellant.               *

_____

Submitted:  March 7, 2000

Filed:  April 21, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
         Judges.

_____

PER CURIAM.

Tom Hutson challenges the district court's order dismissing as untimely his appeal from the magistrate judge's judgments of conviction for federal wildlife violations.  Counsel has filed a brief and moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967).  Counsel argues that Mr. Hutson--who proceeded pro se at the bench trial--gave the magistrate judge oral notice of his intent to appeal his convictions but did not understand the appeal process, and that the district court should

have found excusable neglect and extended the time in which he could appeal, under Federal Rule of Criminal Procedure 45(b).

We need not reach counsel's argument. Upon reviewing the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we observe that the judgments were filed November 4, 1998, but they were not entered until April 5, 1999. Thus, Mr. Hutson's April 2, 1999 document indicating his desire to appeal was filed early rather than late. <u>See</u> Fed. R. Crim. P. 58(g)(2)(B) (appeal from judgment of conviction or sentence by magistrate judge to district judge "shall be taken within 10 days after entry of the judgment").

While recognizing that the Federal Rules of Criminal Procedure do not address the treatment of an early filed notice of appeal from a magistrate judge's judgment to a district court, we conclude that Mr. Hutson's notice was timely filed. <u>Cf.</u> Fed. R. App. P. 4(b)(2) ("A notice of appeal filed after the court announces a decision, sentence, or order--but before the entry of the judgment or order--is treated as filed on the date of and after the entry.").[1] Prior to the enactment of Rule 4(b)(2), the common-law rule was that a notice of appeal filed before entry of the relevant judgment was treated as an effective notice of appeal. <u>See</u> <u>Lemke v. United States</u>, 346 U.S. 325,

---

[1]Rule 4(b) is derived from Fed. R. Crim. P. 37(a)(2) ("A notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof."), which was abrogated December 4, 1967, effective July 1, 1968, and its provisions transferred to and covered by the Federal Rules of Appellate Procedure. <u>See</u> Fed. R. Crim. P. 37 & advisory committee's note (1979) (containing text of Rule 37 prior to abrogation and noting transfer); Fed. R. App. P. 4(b) & advisory committee's note (1967 Adoption). The Federal Magistrates Act of 1968, which superseded the 175-year-old commissioner system, was not signed into law until October 17, 1968, <u>see</u> Judicial Conference of the United States, The Federal Magistrates System, at 1 (1981); thus, at the time of the rule transfer, it appears no comparable rule existed addressing the timing of a notice of appeal from a magistrate judge's order or judgment.

325-26 (1953) (per curiam) (reversing Ninth Circuit's dismissal of appeal, where notice of appeal was filed day after sentencing but before entry of judgment, citing Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.")); Curtis Gallery & Library, Inc. v. United States, 388 F.2d 358, 360 (9th Cir. 1967) (treating January 11, 1965 notice of appeal from judgment in income tax recovery action as premature but ultimately effective notice of appeal from final judgment of March 16, 1966; and noting, as one reason to do so, that plaintiffs were proceeding without counsel). We apply the common-law rule to the instant situation.

Accordingly, we grant counsel's motion to withdraw, reverse the dismissal of the appeal as untimely, and remand for consideration of the appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.